UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
──────────────────────────────────────X
SAID SALIM,

                         Plaintiffs,

    -against-

THE CITY OF NEW YORK, LIEUTENANT
ADAM RAMOS, SERGEANT WILBERT CRAWLEY,
DETECTIVE MICHAEL CORBETT, LIEUTENANT
LOURON HALL, POLICE OFFICERS JOHN/JANE
DOE(S) #s 1-10,

                         Defendants.
──────────────────────────────────────X

**AMENDED COMPLAINT**

PLAINTIFF DEMANDS
TRIAL BY JURY

Case No. 15 Civ. 8521 (CM)

    Plaintiff SAID SALIM for his complaint, by his attorney DAVID A. ZELMAN, ESQ., and upon information and belief respectfully alleges as follows:

## I. PRELIMINARY STATEMENT

1. This is a civil rights action in which Plaintiff SAID SALIM (hereinafter "Plaintiff") seeks damages to redress the deprivation, under color of state law, of rights secured to him under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution including due process of law. On or about April 30, 2014, Plaintiff was falsely arrested by employees of the City of New York. As a result of the violation of his constitutional rights, Plaintiff suffered physical and mental injuries.

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. This Court has pendant jurisdiction over

1

Plaintiff's state law claims.

III. <u>PARTIES</u>

3. Plaintiff at all times relevant hereto resided in the State of New York.

4. Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

5. Defendant LIEUTENANT ADAM RAMOS (hereinafter "RAMOS" or "Defendant") was a NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of their employment. RAMOS is sued in his official and individual capacity.

6. Defendant SERGEANT WILBERT CRAWLEY (hereinafter "CRAWLEY" or "Defendant") was a NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of their employment. CRAWLEY is sued in his official and individual capacity.

7. Defendant DETECTIVE MICHAEL CORBETT (hereinafter "CORBETT" or "Defendant") was a NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of their employment. CORBETT is sued in his official and individual capacity.

8. Defendant LIEUTENANT LOURON HALL (hereinafter "HALL" or "Defendant") was a NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of their employment. HALL is sued in his official and individual capacity.

9. Defendants POLICE OFFICERS JOHN/JANE DOE(S) (hereinafter "DOE(S)") were NYPD police officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment. DOE(S) are sued in their official and individual capacity.

10. At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## IV. FACTS

11. Plaintiff is a NYPD detective and has consistently worked for the NYPD for more than six years.

12. On or about July 12, 2009, Plaintiff participated in an undercover operation. In the course of the operation, Plaintiff and another NYPD employee stopped two individuals.

13. During the stop of these two individuals, Plaintiff came to learn that one or both of the individuals were in possession of a large quantity of cocaine and/or other contraband.

14. Two arrests were made and Plaintiff signed a criminal court complaint, charging these two individuals with Felony Possession of Narcotics and related charges.

15. During the course of that criminal proceeding, both a grand jury hearing and pre-trial hearings were conducted. Plaintiff testified at both.

16. The criminal cases against the two criminal defendants were ultimately dismissed. On or about April 30, 2014, approximately four and half years following the undercover

operation and approximately four years after Plaintiff's testimony at the grand jury hearing and the pre-trial hearing, Plaintiff was arrested by the within Defendants, including but not limited to Defendants CRAWLEY and HALL.

17. Plaintiff was brought to Manhattan Criminal Court. Plaintiff was charged with five counts of perjury and false instrument-related charges including: Offering a False Instrument for Filing in the First Degree, P.L. §175.35, Making a Punishable False Written Statement P.L. §210.45 and Official Misconduct P.L. §195.00(1). A grand jury convened. Plaintiff hired an attorney to represent him.

18. Plaintiff was required to make approximately 12 court appearances regarding the above charges and incurred substantial legal fees.

19. On or about March 24, 2015, Judge Konvisor of the New York County Supreme Court – Criminal Term Part 31 issued a decision dismissing all charges against Plaintiff. In her decision Judge Konvisor found that there was a complete lack of evidence with respect to the charges against plaintiff. Judge Konvisor determined that the District Attorney's failure to appropriately instruct the Grand Jury left the grand jurors "rudderless," and unable to fulfill their function. It is alleged that defendants suppressed evidence in order obtain a Grand Jury indictment. This suppression consisted of failing and or refusing to inform the District Attorney's office and or the grand jurors that there was no evidence tending to show Plaintiff to be guilty. Attached hereto is Exhibit A the full decision by Judge Konvisor.

20. It is alleged that the Defendants CORBETT, HALL, RAMOS, and CRAWLEY acting jointly attempted to build a case which they knew to be meritless against the Plaintiff in order to assuage public opinion that the NYPD was failing to police its own. Defendants

knew that any arrest of a NYPD detective would generate tremendous publicity and in fact that did happen in this case. Defendants CORBETT, HALL, RAMOS, and CRAWLEY, sought this publicity for their own benefit and for their perceived benefit for the NYPD as a whole. There was substantial and compelling evidence during all stages of this investigation and proceeding that the Plaintiff had accurately and faithfully discharged his duties as a NYPD officer.

21. Defendants CORBETT, HALL, RAMOS, and CRAWLEY initiated a prosecution against the Plaintiff by bringing their report of alleged crimes to the District Attorney's office and thereafter testifying in front of the Grand Jury regarding those alleged crimes despite the fact that there was no evidence to support the charges. Upon information and belief one or more of the within named Defendants testified at the Grand Jury, and continued to attempt to build a meritless case against the Plaintiff without evidence following their participation at the Grand Jury by working closely with the District Attorney's office.

22. It is alleged that Plaintiff committed no crime and in fact diligently performed his job and testified regarding the street encounter to the best of his recollection. This matter has greatly affected Plaintiff's career in that Plaintiff was placed on modified duty and his salary was impacted. As of the time of this writing, Plaintiff is still on modified duty which has serious financial implications.

23. That heretofore and on the 23th day of June, 2015, Plaintiff's Notice of Claim and Intention to sue was duly served upon and filed with the CITY; said Notice was filed within ninety (90) days after the cause of action herein accrued and set forth Plaintiff's name, the nature of the claim, the time and place of the incident, the manner in which the claim arose and the items of damage and injuries sustained.

24. That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

V. <u>FIRST CAUSE OF ACTION</u>
Pursuant to § 1983 (FALSE ARREST)

25. Paragraphs 1 through 24 of this complaint are hereby realleged and incorporated by reference herein.

26. That Defendants had neither valid evidence for the arrest of Plaintiff nor legal cause or excuse to seize and detain him.

27. That in detaining Plaintiff without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the NYPD under the color of State and/or local law. It is alleged that CITY, via their agents, servants and employees routinely charged persons with crimes they did not commit. Plaintiff was but one of those persons.

28. Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

29. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

30. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

31. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

32. By reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
### Pursuant to §1983 (FAILURE TO INTERVENE)

33. Paragraphs 1 through 32 are hereby realleged and incorporated by reference herein.

34. That Defendants failed to intervene when Defendants knew or should have known that Plaintiff's constitutional rights were being violated.

35. That Defendants had a realistic opportunity to intervene on behalf of Plaintiff, whose constitutional rights were being violated in their presence.

36. That a reasonable person in the Defendants' position would know that Plaintiff's constitutional rights were being violated.

37. That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights, deprived Plaintiff of his liberty when they failed to intervene to protect

him from Defendants' violation of Plaintiff's civil rights pursuant to the Fourteenth Amendment of the United States Constitution.

38. That upon information and belief, Defendants had a policy and /or custom of failing to intervene to protect citizens from excessive force by police officers. Thus, as a result of the above described policies and customs, Plaintiff was not protected from Defendants' unconstitutional actions.

39. That upon information and belief it was the policy and/or custom of Defendant CITY to inadequately hire, train, supervise, discipline and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

40. That as a result of the above described policies and customs, Defendant CITY, its staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

41. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant CITY to the constitutional rights of detainees and were the cause of the violations of Plaintiff's rights alleged herein.

42. That in so acting, Defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

43. That by reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

VII. THIRD CAUSE OF ACTION
Pursuant to State Law (RESPONDEAT SUPERIOR)

44. Paragraphs 1 through 43 are hereby realleged and incorporated by reference herein.

45. That Defendants were acting in furtherance of the duties owed to their employer, defendant CITY.

46. That at all times Defendants were acting within the scope of their employment.

47. That Defendant CITY was able to exercise control over Defendants activities.

48. That Defendant CITY is liable for Defendants actions under the doctrine of respondeat superior. By reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## VIII. FOURTH CAUSE OF ACTION
Pursuant to § 1983 (MALICIOUS PROSECUTION)

49. Paragraphs 1 through 48 are hereby realleged and incorporated by reference herein.

50. That Defendants acting with malicious intent, arrested Plaintiff and initiated a criminal proceeding despite the knowledge that he had committed no crime.

51. That the criminal charge against Plaintiff was terminated in his favor.

52. That there was no probable cause for the arrest and criminal proceeding.

53. That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights, deprived Plaintiff of his liberty when they maliciously prosecuted him and subjected him to an unlawful, illegal and excessive detention, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

54. That upon information and belief, Defendants had a policy and /or custom of maliciously prosecuting individuals despite the lack of probable cause. Thus, as a result of the above

described policies and customs, Plaintiff was maliciously prosecuted despite the fact that he had committed no violation of the law.

55. That upon information and belief it was the policy and /or custom of defendant CITY to inadequately hire, train, supervise, discipline and /or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

56. That as a result of the above described policies and customs, defendant CITY, its staff, agents and employees of defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

57. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiffs' rights alleged herein.

58. That in so acting, Defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

59. That upon information and belief, in 2014, Defendant CITY had a policy or routine practice of alleging facts against persons for the purpose of charging crimes they did not commit.

60. That by reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages including attorneys' fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

IX. FIFTH CAUSE OF ACTION
Pursuant to State Law (MALICIOUS PROSECUTION)

61. Paragraphs 1 through 60 are hereby realleged and incorporated by reference herein.

62. That Defendants acted with malicious intent, arrested Plaintiffs and initiated a criminal proceeding despite the knowledge that Plaintiffs had committed no crime.

63. That the charges against Plaintiffs were terminated in their favor.

64. That there was no probable cause for the arrest and criminal proceeding.

65. That by reason of Defendants acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiffs' rights, deprived Plaintiffs of their liberty when they maliciously prosecuted them in violation of the Laws of the State of New York.

66. That by reason of the foregoing, Plaintiffs suffered physical and psychological injuries, traumatic stress, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

### X. SIXTH CAUSE OF ACTION
Pursuant to § 1983 (ABUSE OF CRIMINAL PROCESS)

67. Paragraphs 1 through 66 are hereby realleged and incorporated by reference herein.

68. Defendants caused Plaintiff to be arraigned and his criminal case to be submitted to a grand jury, constituting regularly issued legal process to compel performance or forbearance of some act.

69. Defendants intended to do harm without excuse or justification.

70. Defendants issued process against Plaintiff in order to obtain a collateral objective that is outside its legitimate ends.

71. There was no probable cause for the criminal proceeding.

72. By reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's

rights, deprived Plaintiff of his liberty by abusing criminal process, in violation of his rights pursuant to the Fourteenth Amendment of the United States Constitution.

73. As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer personal injuries, violation of civil rights, economic damages, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and standing within his community.

## XI. SEVENTH CAUSE OF ACTION
### Pursuant to § 1983 (DENIAL OF FAIR TRIAL)

74. Paragraphs 1 through 73 are hereby realleged and incorporated by reference herein.

75. By fabricating evidence, defendants violated Plaintiff's constitutional right to a fair trial.

76. Defendants were aware or should have been aware of the falsity of the information used to prosecute plaintiff.

77. As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer personal injuries, violation of civil rights, economic damages, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and standing within his community.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer economic injuries, physical pain, emotional pain, suffering, permanent disability, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, Plaintiff respectfully requests that judgment be entered:

1. Awarding Plaintiff compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding Plaintiff punitive damages in an amount to be determined by a jury;

3. Awarding Plaintiff interest from April 30, 2014;

4. Awarding Plaintiff reasonable attorney's fees pursuant to 42 USC § 1988; and

5. Granting such other and further relief as to this Court deems proper.

Dated: Brooklyn, New York
February 11, 2016

DAVID A. ZELMAN, ESQ.
(DZ 8578)
612 Eastern Parkway
Brooklyn, New York 11225
(718)604-3072

To: Suzanna Publicker Mettham, Esq.
Corporation Counsel of the City of New York
100 Church Street, Rm. 3-212
New York, New York 10007
(212) 356-2356